**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**


SERIJO MIQUEL, a/k/a
LUIS MONTERNEGRO,

      Petitioner,

v.                                                                CASE NO. 8:04-CV-1918-T-30TGW
                                                       8:03-CR-124-T-30TGW

UNITED STATES OF AMERICA,

      Respondent.

_____/

## O R D E R

Petitioner, an inmate in the federal penal system proceeding *pro se*, initiated this action by filing a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (CV Dkt. 1). The Government has filed a response to the motion (CV Dkt. 6), and Petitioner has filed a reply thereto (CV Dkt. 7). The matter is now before the Court for consideration on the merits.

### Background

On June 10, 2003, the Petitioner pled guilty to one count of possession with intent to distribute five kilograms or more of a mixture or substance containing a detectable amount of cocaine while onboard a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. App. §§ 1903(a), 1903(g), 18 U.S.C. § 2, and 21 U.S.C. § 960(b)(1)(B)(ii) (CR Dkt. 83). In his plea agreement, Petitioner expressly waived his right to appeal his sentence:

> . . . directly or collaterally on any ground, including the applicability of the "safety valve" provisions contained in 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2, except for an upward departure by the sentencing judge, a sentence above the statutory maximum, or a sentence in violation of the law apart from

the sentencing guidelines; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

CR Dkt. 69 at 12. Petitioner's guilty plea was accepted on July 10, 2003 (CR Dkt. 102), and he was adjudicated guilty. Petitioner was sentenced on September 19, 2003, to a 135-month term of imprisonment, to be followed by a 36-month term of supervised release  (CR Dkt. 136). Petitioner's judgment of conviction was entered on September 23, 2003 (CR Dkt. 137). Petitioner did not file a direct appeal.

On September 2, 2004, Petitioner timely filed this § 2255 petition asserting the following claims for relief:

1. The Court acted without jurisdiction because the Maritime Drug Law Enforcement Act (hereinafter "MDLEA") is unconstitutional;

2. Counsel rendered constitutionally deficient assistance at sentencing by failing to move for a minor role adjustment;

3. Counsel rendered constitutionally deficient assistance when he failed to file a notice of appeal; and

4. Petitioner's sentence is unconstitutional because it exceeds the statutory maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.

Dkt. 1 at 5-6.  In its response to the Petition, the Government asserts that because Petitioner waived his right to appeal, directly or collaterally, in his plea agreement, his § 2255 motion should be denied (Dkt. 6). For reasons set forth below, this Court agrees.

**Standard of Review**

Title 28 U.S.C. § 2255 sets forth the framework for reviewing a federal prisoner's sentence for any of the following four reasons: (1) the sentence was imposed in violation of the Constitution of the United States; (2) the court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the

sentence is otherwise subject to collateral attack.  28 U.S.C. § 2255.  Case law establishes that only constitutional claims, jurisdictional claims, and claims of error so fundamental as to have resulted in a complete miscarriage of justice are cognizable on collateral attack. *See United States v. Addonizio*, 442 U.S. 178, 185 (1979); *Hill v. United States*, 368 U.S. 424, 428 (1962); *Richards v. United States*, 837 F.2d 965, 966 (11th Cir. 1988).

It is well-settled that sentence-appeal waivers are valid if made knowingly and voluntarily. *See United States v. Bushert*, 997 F.2d 1343, 1350-51 (11th Cir. 1993). Guilty pleas waive all but jurisdictional claims up to the time of the plea, *see Tollett v. Henderson*, 411 U.S. 258, 266-67 (1973); *Stano v. Dugger*, 921 F.2d 1125, 1150 (11th Cir.), *cert. denied*, 502 U.S. 835 (1991), and foreclose most claims from collateral attack,  *see United States v. Broce*, 488 U.S. 563, 569 (1989). This waiver includes constitutional claims. *See Wilson v. United States*, 962 F.2d 996 (11th Cir. 1992) (pre-plea ineffectiveness waived); *Dermota v. United States*, 895 F.2d 1324 (11th Cir.) (double jeopardy claim waived), *cert. denied*, 498 U.S. 837 (1990).  Finding that "a valid sentence-appeal waiver, entered into voluntarily and knowingly, pursuant to a plea agreement, precludes the defendant from attempting to attack, in a collateral proceeding, the sentence through a claim of ineffective assistance of counsel during sentencing" the Eleventh Circuit opined that to hold otherwise would "permit a defendant to circumvent the terms of the sentence-appeal waiver simply by recasting a challenge to his sentence as a claim of ineffective assistance, thus rendering the waiver meaningless." *Williams v. United States*, 396 F.3d 1340, 1342 (11th Cir. 2005).

### Discussion

When Petitioner executed his plea agreement, he waived all but jurisdictional claims up to the time of the plea.  *See Tollett v. Henderson*, 411 U.S. at 266-67.  As set forth *supra*, pursuant to the plea agreement Petitioner executed, he waived his right to appeal, directly

3

or collaterally, any factual or legal finding made by the Court in calculating the appropriate guideline range, unless the Court upwardly departed or the Government appealed.  The waiver includes claims of ineffective assistance of counsel at sentencing.  *See Williams*, 396 F.3d at 1342.

In the plea agreement, Petitioner was placed on notice that the drug charge to which he agreed to plead guilty carried a mandatory minimum sentence of ten (10) years imprisonment with a maximum of life imprisonment, a term of supervised release of not more than five (5) years, and a fine of not more than $4,000,000 (CR Dkt. 69 at 2).[1]  Clearly, Petitioner's 168-month sentence is within the statutory maximum for the offense of conviction.  Petitioner was only sentenced to a term of 135  months imprisonment (CR Dkt. 136 at 2).  The Government did not file an appeal.  Thus, Petitioner's waiver of his right to challenge the guidelines sentence is controlling. *See Williams*, 396 F.3d at 1342.  *See also United States v. Weaver*, 275 F.3d 1320, 1333 (11th Cir. 2001).

In reply to the Government's response, Petitioner argues that the sentencing appeal waiver

> does not cover his right to collaterally attack his sentence, as the written plea agreement refers to [Petitioner's] waiver of "the right to appeal defendant's sentence, directly or collaterally" . . . . If 'collateral attack' means 'collateral review' or 'collateral attack,' then the wavier is valid.  However, the term

---

[1]Title 46 U.S.C. App. § 1903 provides, in relevant part, that "[i]t is unlawful for any person on board a vessel of the United States, or on board a vessel subject to the jurisdiction of the United States, or who is a citizen of the United States or a resident alien of the United States on board any vessel, to knowingly or intentionally manufacture or distribute, or to possess with intent to manufacture or distribute, a controlled substance. . . . (g)(1) Any person who commits an offense defined in this section shall be punished in accordance with the penalties set forth in section 1010 of the Comprehensive Drug Abuse Prevention and Control Act of 1970 (21 U.S.C. 960)." Pursuant to 21 U.S.C. § 960(b)(1) any person found to be in violation of 46 U.S.C. App. § 1903 involving 5 kilograms or more of a mixture or substance containing a detectable amount of "cocaine, its salts, optical and geometric isomers, and salts or isomers . . . shall be sentenced to a term of imprisonment of not less than 10 years and not more than life and . . . a fine not to exceed the greater of that authorized in accordance with the provisions of Title 18, or $4,000,000 if the defendant is an individual." 21 U.S.C. § 960(b)(1)(B)(ii).

'collateral appeal' is undefined, thus ambiguous.  Where a plea agreement contains ambiguous language, the ambiguity "must be read against the government['s]" interpretation.

CV Dkt. 5 at 1-2.

The transcript of the change of plea hearing confirms that Petitioner did not find the terms of the appeal waiver ambiguous when he entered his plea (Dkt. 196 at 50-51).  The Court finds that a thorough Rule 11 colloquy was conducted including a determination that Petitioner was competent at the time he entered his plea, a detailed review of the terms of the plea agreement, the charges and the consequences of those charges, the rights Petitioner was giving up under the agreement, including the right to appeal, directly or collaterally, the mandatory minimum sentence and maximum sentence, the factual basis for the charges, and the fact that Petitioner was entering his plea voluntarily and knowingly without any threats, force, or coercion, or any promises having been made to him that were not a part of the written plea agreement (CR Dkt. 196).  Petitioner acknowledged under oath that he had read the plea agreement and understood the terms set forth therein.  *Id.* When he executed the plea agreement, Petitioner certified that the he had read the agreement and understood the terms thereof.  *See* CR Dkt. 69 at 16.  The magistrate judge reviewed the appeal waiver provisions of the plea agreement with Petitioner during the Rule 11 colloquy (CR Dkt. 196 at 50-51).  Having reviewed the transcript of the Rule 11 colloquy and the plea agreement executed by Petitioner, the Court is satisfied that Petitioner understood the full significance of the waiver.

Petitioner negotiated an agreement with the Government regarding the disposition of his criminal charges and entered a guilty plea pursuant thereto (CR Dkt. 83).  A guilty plea is not "a mere gesture, a temporary and meaningless formality reversible at the defendant's whim. . . , but a 'grave and solemn act,' which is 'accepted only with care and discernment.'"

*United States v. Hyde*, 520 U.S. 670, 677 (1997) (citation omitted).   In *United States v. Jones*, the Eleventh Circuit stated:

> [W]e have consistently considered written plea agreements to be part of the record of the Rule 11 hearing.  *See United States v. Hourihan,* 936 F.2d 508, (11th Cir. 1991); *United States v. Bell,* 776 F.2d 965, 969 (11th Cir. 1985), *cert. denied,* 477 U.S. 904, 106 S.Ct. 3272, 91 L.Ed.2d 563 (1986).  *See also United States v. Padilla,* 23 F.3d 1220, 1221-22 (7th Cir. 1994) (looking to written plea agreement to determine if defendant knew of mandatory minimum sentence).  We hold that where a signed, written plea agreement describing a mandatory minimum sentence is specifically referred to during a Rule 11 plea colloquy, the core principle that the defendant be aware of the consequences of his plea has been complied with [and] [t]he defendant's substantial rights were not violated.

143 F.3d 1417, 1420 (11th Cir. 1998).  In this circuit, "[a] plea agreement is, in essence, a contract between the Government and a criminal defendant.   Among the considerations that a defendant may offer as part of such a contract is waiver of his right to appeal, provided that the waiver is made knowingly and voluntarily. . . . [t]he plea agreement is . . . enforceable." *United States v. Howle*, 166 F.3d 1166,  1168 (11th Cir. 1999) (citation omitted).  *See also United States v. Pease*, 240 F.3d 938 (11th Cir. 2001).

The ineffective assistance of counsel claims Petitioner asserts in his § 2255 motion do not relate to the negotiation of his plea agreement, and none of his claims fall within the exceptions to his appeal waiver, which would have permitted him to appeal only an upward departure from his guidelines range, a sentence imposed in excess of the statutory maximum, or a sentence imposed in violation of law apart from the sentencing guidelines (CR Dkt. 69 at 12).  *See Bushert*, 997 F.2d at 1351 (court will enforce waivers of appeal if made knowingly and voluntarily).

Statements by a defendant at the Rule 11 proceedings are accepted as conclusive unless he reasonably alleges why this should not be so. *See United States v. Gonzalez-Mercado*, 808 F.2d 796, 800 n.8 (11th Cir. 1997).  Petitioner fails to meet this burden.  There

is nothing in the record to overcome the persuasive evidence of Petitioner's statements at the plea hearing. Petitioner cannot circumvent the terms of his plea agreement merely because he does not like the outcome at sentencing.  *See Bushert*, 997 F.2d at 1350.

Enforcing the appeal waiver is merely holding Petitioner to the bargain he made. Petitioner has had the benefit of his bargain – the conspiracy charge was dismissed (CR Dkt. 136).  The Government is likewise entitled to the benefit of its bargain.  Petitioner was not promised anything that he did not receive, and he has received no punishment greater than that originally assigned him in the plea agreement.

As to Petitioner's assertion that the Maritime Drug Law Enforcement Act under which he was prosecuted is unconstitutional, the Eleventh Circuit has rejected this argument.  *See United States v. Tinoco*, 304 F.3d 1088 (11th Cir. 2002) (finding that the Maritime Drug Law Enforcement Act (MDLEA) is not facially unconstitutional under *Apprendi*[2]); *United States v. Rojas*, 53 F.3d 1212 (11th Cir. 1995), *cert. denied*, 516 U.S. 976 (MDLEA does not violate separation of powers by unconstitutionally delegating to Executive Branch assertedly essential function of judiciary in determining jurisdiction; certification provision did not deprive court of ability or obligation to determine if requirements for jurisdiction under the Act were met); *see also United States v. Caicedo,* 47 F.3d 370 (9th Cir. 1995) (although there was no nexus to the United States, extraterritorial application of jurisdiction over defendants found aboard stateless vessel on high seas, in prosecution for possession of cocaine with intent to distribute under the MDLEA, was consistent with international law and did not violate due process; defendants should have been on notice that any nation concerned with drug trafficking could subject stateless vessel to its jurisdiction); *United*

[2]*Apprendi v. New Jersey*, 530 U.S. 466 (2000).

*States v. Victoria*, 876 F.2d 1009, 1110-11 (1st Cir. 1989) (the United States may exercise jurisdiction consistent with international law over drug offenders apprehended aboard stateless vessels on the high seas without demonstrating any nexus to the United States); *United States v. Alvarez-Mena*, 765 F.2d 1259, 1265 (5th Cir. 1985) (accord); *United States v. Pinto-Mejia*, 720 F.2d 248, 261 (2d Cir. 1983), *modified*, 728 F.2d 142 (2d Cir. 1984) (accord); *United States v. Marino-Garcia*, 679 F.2d 1373, 1383 (11th Cir. 1982), *cert. denied*, 459 U.S. 1114 (1983) (accord); *United States v. Howard-Arias*, 679 F.2d 363, 371-72 (4th Cir.), *cert. denied*, 459 U.S. 874 (1982) (accord). This claim clearly lacks merit.

Finally, Petitioner's assertion that his sentence violates his Sixth Amendment right to a trial by jury because his sentence exceeded the statutory maximum a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant is premised on the line of Supreme Court cases holding that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490. As discussed *supra*, Petitioner's sentence is within the statutory maximum for the crime of conviction. The Eleventh Circuit has held that *Apprendi* and its progeny, *see United States v. Booker*, 543 U.S. ----, 125 S.Ct. 738 (2005), and *Blakely v. Washington*, 542 U.S. 296 (2004), are not retroactive to cases on collateral review.[3] *See Varela v. United States*, 400 F.3d 864, 868 (11th Cir. 2005) (addressing the applicability of the Supreme Court's decision in *Booker* to cases on collateral review, concluding that "*Booker*'s constitutional rule falls squarely under the category of new rules of criminal

---

[3]*Blakely* extended the rule in *Apprendi*, concluding that "the relevant 'statutory maximum' is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional findings." *Blakely*, 542 U.S. at __, 124 S.Ct. at 2537. To the extent Petitioner's motion turns on the application of *Blakely*, it also turns on the application of *Booker*.

8

procedure that do not apply retroactively to § 2255 cases on collateral review."); *United States v. Sanchez*, 269 F.3d 1250, 1262-63 (11th Cir. 2001), *cert. denied*, 535 U.S. 942 (2002) (*Apprendi* holding is not retroactive to claims on collateral review).  Applying the holding in *Varela*, the Court finds that Petitioner's assertion that he is entitled to relief pursuant to *Apprendi*, *Blakely,* and *Booker* lacks merit.

### Conclusion

Having reviewed the record, arguments presented by the parties, applicable statutes, and controlling case law in this circuit, the Court finds that by virtue of his guilty plea and sentencing appeal waiver, Petitioner has waived his right to seek collateral relief under § 2255.

ACCORDINGLY, the Court **ORDERS** that:

1.      Petitioner's motion to vacate, set aside, or correct an allegedly illegal sentence (CV Dkt. 1) is **DENIED**.

2.      The Clerk is directed to enter judgment against Petitioner, terminate any pending motions, and close this case.

**DONE** and **ORDERED** in Tampa, Florida on July 11, 2005.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

SA:jsh

9