**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

SERIJO MIQUEL, a/k/a
LUIS MONTERNEGRO,

    Petitioner,

v.                                          CASE NO. 8:04-CV-1918-T-30TGW
                                                    8:03-CR-124-T-30TGW

UNITED STATES OF AMERICA,

    Respondent.
_____/

**O R D E R**

This cause is before the Court on Petitioner's Motion for Reconsideration (Dkt. 10). The Court entered its decision denying Petitioner's § 2255 motion on July 11, 2005, (Dkt. 8). Petitioner asks the Court to "reconsider one argument made in the § 2255 motion that may not have been fully addressed by the Court," towit, that the Maritime Drug Law Enforcement Act is unconstitutional (Dkt. 10 at 1).[1] Petitioner cites Fed. R. Civ. P. 59(e) as legal authority for his motion.

In a recent decision addressing the substantive conflict between the Federal Rules of Civil Procedure and the statutes governing federal habeas relief, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the Supreme Court held that:

---

[1] Although Petitioner failed to file a complete copy of his motion, the portion submitted for consideration clearly asserts that the Court erred in reaching its decision denying his § 2255 motion.

> [A] "claim" as used in § 2244(b)[2] is an asserted federal basis for relief from a state court's judgment of conviction.
>
> In some instances, a Rule 60(b) motion will contain one or more "claims." . . . Virtually every Court of Appeals to consider the question has held that such a pleading, although labeled a Rule 60(b) motion, is in substance a successive habeas petition and should be treated accordingly. *E.g., Rodwell, supra,* at 71-72; *Dunlap, supra,* at 876.
>
> We think those holdings are correct. A habeas petitioner's filing that seeks vindication of such a claim is, if not in substance a "habeas corpus application," at least similar enough that failing to subject it to the same requirements would be "inconsistent with" the statute. 28 U.S.C. § 2254 Rule 11. . . .
>
> In most cases, determining whether a Rule 60(b) motion advances one or more "claims" will be relatively simple. A motion that seeks to add a new ground for relief, as in *Harris, supra,* will of course qualify. A motion can also be said to bring a "claim" if it attacks the federal court's previous resolution of a claim *on the merits*, [Fn 4] since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief.
>
> Fn 4  The term "on the merits" has multiple usages. See, *e.g., Semtek Int'l Inc. v. Lockheed Martin Corp.,* 531 U.S. 497, 501-503, 121 S.Ct. 1021, 149 L.Ed.2d 32 (2001). We refer here to a determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief under 28 U.S.C. §§ 2254(a) and (d). When a movant asserts one of those grounds (or asserts that a previous ruling regarding one of those grounds was in error) he is making a habeas corpus claim.

*Gonzalez v. Crosby*, __ U.S. __, 125 S.Ct. 2641, 2647-48 (2005) (emphasis in original).

While the Supreme Court limited its holding to petitions for relief filed under § 2254, *see* id. at 2646 n.3,[3] in this circuit, the *Gonzalez* test is also applicable to § 2255 motions.

---

[2]Title 28 U.S.C. § 2244(b)(3) provides, in pertinent part, that "[a] claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

[3]"In this case we consider only the extent to which Rule 60(b) applies to habeas proceedings under 28 U.S.C. § 2254, which governs federal habeas relief for prisoners convicted in state court. Federal prisoners generally seek postconviction relief under § 2255, which contains its own provision governing second or successive applications. Although that portion of § 2255 is similar to, and refers to, the statutory subsection applicable to second or successive § 2254 petitions, it is not identical. Accordingly, we limit our consideration to § 2254 cases." *Gonzalez*, __ U.S. __, 125 S.Ct. at 2646 n.3.

2

*See United States v. Terrell*, 2005 WL 1672122, *2 (11th Cir. Jul. 19, 2005) (unpublished) (copy attached). Since Petitioner's motion to reconsider is the functional equivalent of a second or successive petition under the test set forth in *Gonzalez, supra*, the applicable terms of the AEDPA apply regardless of how the motion is styled. *See also Aird v. United States*, 339 F.Supp.2d 1305, 1309 (S.D. Ala. 2004) (finding that the rationale for deciding whether a motion for reconsideration should be treated as a second or successive habeas petition should extend to encompass Rule 59(e) motions, as well Rule 60(b) motions).

The Court finds that because Petitioner's motion attacks the substance of the Court's resolution of his habeas claims on the merits, it lacks jurisdiction to entertain the motion without authorization from the United States Court of Appeals for the Eleventh Circuit. *See* 28 U.S.C. 2244(b)(3); *Gonzalez v. Crosby*, __ U.S. __, 125 S.Ct. at 2649 ("a Rule 60(b) motion that seeks to revisit the federal court's denial *on the merits* of a claim for relief should be treated as a successive habeas petition.").

ACCORDINGLY, the Court **ORDERS** that the Motion for Reconsideration (Dkt. 10) is **DISMISSED** for lack of jurisdiction.

**DONE** and **ORDERED** in Tampa, Florida on August 31, 2005.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
All Parties/Counsel of Record

Attachment:
*United States v. Terrell*, 2005 WL 1672122, *2 (11th Cir. Jul. 19, 2005) (unpublished)

SA:jsh